### ADAMS *et al. v.* MCCANN *et al.*

*(Superior Court of New York City, General Term. January 5, 1891.)*

1. BANKS—TRANSFER OF DEPOSITS—PAYMENT OF CHECKS.

Money on deposit in bank in the name of M., being part of the assets of a partnership between him and plaintiffs, was transferred by him to them by an assignment of all his interest in the partnership. Before notice of the transfer was given to the bank, a check for part of the amount, made by M. to his wife, previous to the transfer, in part payment of an existing debt, was deposited by her in the bank, and credited as cash to an account kept by her therein, separate from the account in the name of M. *Held* that, as it did not appear that the wife had acted otherwise than in good faith, no trust or agency in favor of plaintiffs was shown which would entitle them to restrain her from withdrawing or the bank from paying the money, and have it declared their property.

2. JUDGMENT OUTSIDE OF ISSUE—PLEADING.

    In an action for such relief, in which M. was made a defendant, plaintiffs could not have judgment against him for the amount of the check, under Code Civil Proc. N. Y. § 1207, authorizing any judgment for plaintiff "consistent with the case made by the complaint and embraced within the issue," no cause of action therefor having been alleged in the complaint, and it not appearing that M. had waived the right to trial by jury.

    Appeal from special term.

    Action by Samuel Adams and John Flanigan against Patrick McCann, Maria McCann, and the Garfield National Bank. Plaintiffs and Patrick McCann had been partners, and the latter had transferred to plaintiffs all his interest in the firm, including money deposited in bank in his name, for part of which he had previously given to his wife, the defendant Maria McCann, a check on the bank. Plaintiffs appeal from a judgment for defendants, entered on trial by the court without a jury. Upon such trial, the following opinion was rendered by DUGRO, J.: "The evidence establishes that on April 16, 1885, there was on deposit in the Garfield National Bank, to the credit of Patrick McCann, a balance exceeding $660, which had been derived from, and was an asset of, a partnership business conducted by plaintiffs and Patrick McCann prior to and until the above mentioned date; that this balance was on said date transferred by Patrick McCann to the plaintiffs, notice of which was given to the bank subsequent to April 18th; that on the 15th of April, preceding the transfer, the defendant Maria McCann received from Patrick McCann his check, drawn on the defendant bank to her order, for $660, in part payment of an existing debt; that on April 18th this check was deposited in the defendant bank to the credit of Maria McCann, and credited to her account as cash; that the defendants McCann had and kept separate ordinary banking accounts with the bank, making deposits with and drawing checks upon the latter as occasion required. The plaintiffs ask that the defendant Maria McCann be perpetually restrained from withdrawing from the bank, and the bank from paying, $660, claimed to be the proceeds of the check, and that this sum to the credit of Maria McCann's account be declared their property, etc. As the ordinary relation of banker and depositor existed between the McCanns and the bank, their accounts were subject to the ordinary rules applicable to bankers' accounts, one of which is that, if a check is deposited in the ordinary way of business to the credit of a person's bank-account, and by the bank placed to the credit of the depositor as cash, the effect of the transaction is to make the bank debtor to the depositor for the amount of the check, and to pass the title to the check to the bank. *Justh* v. *Bank*, 56 N. Y. 478. The bank, having received its title to the check prior to the receipt of notice of the transfer by Patrick McCann, has a right to charge it up against the latter's account. The defendant Maria McCann can be restrained, as plaintiffs ask, only if it appears that a trust is impressed upon $660.00 of the amount to her credit in the bank, of which trust she is the trustee for the plaintiffs as *cestui que trust*. The facts presented by the evidence do not warrant a finding that she has been guilty of any fraud in obtaining the check, or acted in any way other than in good faith, or is other than a *bona fide* holder of the check for an existing debt; and, with this so, no trust or agency can be held to have been created in plaintiffs' favor. In the absence of such a trust or agency, the rule seems to be that it is only to the extent of the interest remaining in the party who committed the fraud that money can be followed as against an innocent party, having a lawful title, founded upon consideration; and if it has been paid in the ordinary course of business, either upon a new consideration, or for an existing debt, the right of the party to follow the money is gone. *Justh* v. *Bank, supra.* This rule seems indispensable to the safe transaction of commercial business. The plaintiffs, in their brief, ask that, if judgment cannot be given as prayed for in the complaint, a judgment for $660.00, the amount of the deposit, should be given against the defendant Patrick McCann, and

refer me to section 1207 of the Code, and several authorities, as warranting such a disposition of the case as against him. A judgment against this defendant cannot be had in this action, as no cause of action, alleged in the complaint, has been proved, nor has the complaint been amended so as to conform to the proof. I might also add that if the existence of a cause of action against Patrick McCann has been disclosed by the evidence, it is, if one he has, a right to have passed upon by a jury. There should be judgment for the defendants, dismissing the complaint, with costs to the defendants McCann, and costs, after notice of trial and before trial, to the bank." Code Civil Proc. N. Y. § 1207, provides: "Where there is an answer, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint, and embraced within the issue."

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Gildersleeve, Palmer & Boothby,* (*John W. Boothby,* of counsel,) for appellants. *Samuel Greenbaum,* for respondents McCann.

PER CURIAM. The judgment should be affirmed, with costs, upon the opinion of the trial judge at special term. As to the claim made upon this appeal, that the plaintiffs should have had at least a personal judgment against Patrick McCann, for the reason that the latter waived a trial by jury, it should be said that the case contains no evidence of any such waiver.